UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDRICK SOMERVILLE, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>JANSSEN PHARMACEUTICALS, et al. )<br>)<br>Defendants. ) | Case No. 4:17-CV-1307-RLW |

## **MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 9). This matter is fully briefed and ready for disposition.

## **BACKGROUND**

On or about February 27, 2017, Plaintiffs filed their Petition in the Circuit Court of the City of St. Louis, Missouri. (Petition (hereinafter "Complaint" or "Compl."), ECF No. 6). In total, there are 67 Plaintiffs joined to this action.[1] Plaintiffs claim that they, or their next friend, suffered damages as a result of their use of the drug Risperdal®, which allegedly was designed, developed, tested, labeled, packaged, distributed, marketed, and sold throughout the United States by Defendants. (Compl., ¶84). These claims are alleged to be the result of Defendants' illegal conduct, including their "concealment of the true character, quality and nature of their product" including "misrepresenting known dangers and/or defects in Risperdal® and/or arising out of the use of Risperdal and a continued and systematic failure to disclose and/or cover-up such information from/to Plaintiffs, Plaintiffs' physicians, and the public." (Compl., ¶¶167, 168).

---

[1] Plaintiffs are residents of 22 states, including Missouri, New Jersey, Pennsylvania, Alabama, California, Connecticut, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Maine, Mississippi, New York, Ohio, Oklahoma, Oregon, Tennessee, Texas, and Utah.

- 1 -

Based upon these allegations, Plaintiffs bring claims for negligence, fraud, strict product liability (failure to warn), strict product liability, negligent misrepresentation, breach of express warranty, breach of implied warranty, violation of the Missouri Merchandising Practices Act, conspiracy, and medical expenses incurred by parent. (Compl., ¶¶175-240).

On April 13, 2017, Defendants removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. §1332(a). Although there appears to be a lack of complete diversity based upon the face of the Complaint, Defendants argue that they are not subject to personal jurisdiction with respect to the non-Missouri Plaintiffs' claims. Defendants further assert that "straightforward question" of personal jurisdiction should be addressed prior to the more difficult question of subject matter jurisdiction. (ECF No. 1, ¶5). Defendants maintain that ruling on personal jurisdiction before subject matter jurisdiction should result in dismissal of all claims asserted by the out-of-state Plaintiffs, which will create complete diversity between Defendants and the remaining Missouri Plaintiffs. (ECF No. 1, ¶8). On the same day that they removed this case, Defendants moved to dismiss the claims of the out-of-state Plaintiffs for lack of personal jurisdiction, and/or to dismiss the Complaint for failure to state a claim or order Plaintiffs to file a more definite statement. (ECF No. 4). As noted above, Plaintiffs filed the instant Motion to Remand on April 19, 2017, citing to similar cases from this District in which the Court declined to resolve personal jurisdiction issues prior to addressing the straightforward subject matter jurisdiction analysis, and remanded the cases due to the facial lac of complete diversity.

## DISCUSSION

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *See Ex Parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868). Under Supreme Court precedent set forth in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), a Court has discretion to consider personal

jurisdiction first where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question. *Id.* at 588; *see also Crawford*, 267 F.3d at 764 ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject-matter jurisdiction."). However, the Supreme Court has held that

> If personal jurisdiction raises "difficult questions of [state] law," and subject-matter jurisdiction is resolved "as eas [ily]" as personal jurisdiction, a district court will ordinarily conclude that "federalism concerns tip the scales in favor of initially ruling on the motion to remand."

*Ruhrgas AG*, 526 U.S. at 586 (citing *Allen v. Ferguson*, 791 F.2d 611, 616 (C.A.7 1986)). "[I]n most instances subject-matter jurisdiction will involve no arduous inquiry." *Ruhrgas AG*, 526 U.S. at 587. "In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587–88. Courts in this district addressing the same issue have found that personal jurisdiction requires a more fact-intensive inquiry than the straightforward issue of subject-matter jurisdiction. *See, e.g., Joseph v. Combe Inc.*, No. 4:16CV284 RLW, 2016 WL 3339387, at *1 (E.D. Mo. June 13, 2016); *Morgan v. Janssen Pharms., Inc.*, No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2 (E.D. Mo. Nov. 25, 2014) (finding the issue of subject matter jurisdiction in an action arising from the drug Risperidone was a straightforward legal issue that judges in this district had already addressed and that issues of personal jurisdiction required a more fact-intensive inquiry); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 4:14CV1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014) (declining to rule on issues of personal jurisdiction first because the subject matter jurisdiction issue was not arduous). Thus, the Court in its discretion will first determine the issue of subject matter jurisdiction, as the question of personal jurisdiction requires a more fact-intensive

inquiry. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (noting a determination of personal jurisdiction requires looking at affidavits and exhibits in addition to the face of the pleadings).

The Court holds that there is not complete diversity on the face of the Complaint and no basis for fraudulent joinder. "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Under 28 U.S.C. §1332(a), a district court has original jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

Courts, however, "have long recognized fraudulent joinder as an exception to the complete diversity rule." *In re Prempro Prod. Liab. Litig.*, 591 F.3d at 620. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)). "When determining if a party has been fraudulently joined, a court considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007)). Here, Defendants argue that the non-Missouri citizen Plaintiffs are fraudulently joined with the Missouri Plaintiffs because the out-of-state Plaintiffs cannot establish personal jurisdiction under Missouri law.

Courts in this district have consistently held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. *Joseph*, 2016 WL 3339387, at *2; *Triplett v. Janssen Pharms., Inc.*, No. 4:14-CV-02049-AGF, 2015 U.S. Dist. LEXIS 160580, at *13 (E.D. Mo. July 7,

2015); *Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015). "On numerous occasions, this Court has determined that the joinder of plaintiffs alleging injury from a single drug is not 'egregious,' because common issues of law and fact connect the plaintiffs' claims." *Robinson v. Pfizer Inc.*, No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *4 (E.D. Mo. Apr. 29, 2016)(collecting cases). The Court follows the approach taken by the district courts in the Eastern District of Missouri, holds that Plaintiffs' claims are not fraudulently joined, and finds that complete diversity is absent. *See In re Prempro Prod. Liab. Litig.*, 591 F.3d at 623. Therefore, the Court remands this action for lack of subject matter jurisdiction. *See T.R. v. Janssen Pharm., Inc.*, No. 4:16-CV-1860 (CEJ), 2017 WL 492827, at *3 (E.D. Mo. Feb. 7, 2017) ("Courts in this district have repeatedly held that an alleged lack of personal jurisdiction does not establish fraudulent joinder...This Court agrees that the 'fraudulent joinder doctrine requires the Court to consider the merits of plaintiffs' claims under state law, and a personal jurisdiction challenge does not go to the merits of the claim.'") (internal citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, State of Missouri.

**IT IS FINALLY ORDERED** that all other motions are **DENIED** as moot.

Dated this 28th day of November, 2017.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE